```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**GARFIELD DAVIS,**

                          **Petitioner,**

            **v.**                                                  **CASE NO. 08-3122-SAC**

**LEROY GREEN, Wyandotte County Sheriff,**

                          **Respondent.**

**O R D E R**

This matter is before the court on an "Emergency" petition for writ of habeas corpus, filed pro se by a pretrial detainee in the Wyandotte County Detention Center in Kansas City, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this habeas action. *See* <u>United States v. Simmonds</u>, 111 F.3d 737 (10th Cir. 1997)(filing fee provisions in Prison Litigation Reform Act do not encompass habeas actions or appeals therefrom).

In his original petition as later supplemented, petitioner seeks federal habeas corpus relief on allegations that his present confinement on one or more pending criminal charges is unlawful and unconstitutional. Petitioner asks for his release and discharge of the pending criminal charges.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). Section 2241 establishes jurisdiction in the federal court to consider habeas corpus petitions filed by pretrial detainees. *See* Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)(§ 2241 is proper avenue for challenging pretrial detention). Nonetheless, it is well recognized that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993). *See also* Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973)(exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition). "An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus." Capps, 13 F.3d at 354 (internal quotations and citations omitted). *See also* Younger v. Harris, 401 U.S. 37, 43 (1971)(federal courts should not intervene in pending state criminal prosecutions when those proceedings offer an adequate forum for plaintiff's federal claims and implicate important state interests).

The court finds it apparent on the face of the application that petitioner has not yet exhausted available state court remedies on his claims, and petitioner's bare assertion of a broad conspiracy of racial discrimination to effect his arrest, prosecution, and confinement is insufficient to render the state courts ineffective or unavailable to address petitioner's claims in the first instance. The court thus finds petitioner's pursuit of habeas relief in the

federal courts is premature, and concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) in this habeas action is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 25th day of June 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge